PATTERSON, Judge.
This is an appeal from an adjudication of delinquency of a minor. A.R.J.P. 28(A)(2). On May 22, 1989, two petitions were filed in the Juvenile Court of Lee County pertaining to appellant, A.L.C., a minor. One petition was filed by his natural father, seeking custody, and one was filed by Lee Moss, a social worker with the Lee County Department of Human Resources, alleging that appellant was a delinquent child due to his conduct at school.[1] On June 12, 1982, two more petitions were filed. One was filed by the person having legal custody of appellant, A.J., alleging that appellant had run away from home, and the other by Lee Moss, alleging that appellant was delinquent because he had left home without permission and was not amenable to further treatment or rehabilitation.
A hearing was held simultaneously on all four petitions on June 20, 1989, and, upon conclusion of the hearing, the trial court ordered that custody of appellant be granted to his natural father in response to the father’s petition, adjudicated him a child in need of supervision in response to A.J.’s petition, and adjudged appellant delinquent in response to the two petitions filed by Lee Moss. Appellant challenges the ruling of the juvenile court adjudging him a delinquent in response to the two petitions filed by Lee Moss.
Appellant, relying on our ruling in C.J. v. State, 552 So.2d 182 (Ala.Cr.App.1989), contends that the trial court committed reversible error in adjudicating him a delinquent in the absence of evidence of criminal activity. We agree. The trial court's order reads, in part, as follows: “A.L.C. ... is adjudged a delinquent within the meaning of [§] 12-15-1(9), Code of Alabama 1975, on the grounds that he is no longer amenable to treatment or rehabilitation under any prior disposition in accordance with [§] 12-15-71(e), Code of Alabama 1975.” Only criminal activity provides grounds for an adjudication of delinquency. C.J. v. State; Ala.Code 1975, § 12-15-1(8), (9). The record of these proceedings before us contains no evidence of criminal activity that would support such an adjudication. The trial court, in reaching its decision, relied on evidence of probation violations and activities at school, such as cursing in class, “shooting bird,” and breaking a window. While breaking a window might constitute criminal activity under some circumstances, there was insufficient proof here, as the evidence of window breaking was contained in a case worker’s report, which gave few details and was hearsay.
For the above reasons, we reverse the adjudication of delinquency and remand this case to the juvenile court for proceedings consistent with this opinion.
As to the remaining issue raised on appeal — that error occurred when the trial court found that appellant was not amenable to treatment when no treatment had been attempted — we, deem it unnecessary to address that issue. In view of the reversal of this case for the reasons set out above, it is unlikely that this issue will arise again.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
All Judges concur.

. In a previous proceding, appellant had been adjudicated a child in need of supervision and had been placed in the custody of A.J.