BOWEN, Judge.
This is an appeal of an order of the Juvenile Court of Lee County adjudicating 16-year-old S.E.W., the appellant, delinquent. The appellant raises two issues.
I.
The appellant questions the jurisdiction of the juvenile court to enter an adjudication of delinquency for the noncriminal act of a violation of “aftercare” [1]
The undisputed facts are as follows. While the appellant was on aftercare from Lee County, Alabama, he committed a criminal act of delinquency in the State of Georgia by stealing a pickup truck. This constituted a violation of the Lee County aftercare order. On February 7, 1991, the appellant was adjudicated delinquent based on the theft of the motor vehicle by the Juvenile Court of Columbus, Georgia, and was ordered transferred to the Juvenile Court of Lee County “for disposition.” R. 5.
On that same date, a petition was filed in the Juvenile Court of Lee County charging the appellant with “violation of aftercare” and alleging that
“the child is in violation of the terms of his aftercare as explained to him at the Lee County Justice Center on December 4, 1990, in that on January 27, 1991, he stole a 1988 Ford Ranger pick-up truck, valued at $500.00, from Gateway Lincoln-Mercury in Columbus, Georgia, in violation of Title 12, Chapter 15, Section 75, 1975 Code of Alabama.” R. 4.
An evidentiary hearing was held on February 12, 1991, and after ore tenus testimony, the appellant was adjudged delinquent “for violation of aftercare as alleged in the petition.” R. 3. The appellant was committed to the custody of the Department of Youth Services.
“[A] non-criminal offense which constitutes a willful violation of a court order by a child in need of supervision may [not] be grounds for an adjudication of delinquency within the meaning of Ala.Code §§ 12-15-1(8) and (9) (1975).” C.J. v. State, 552 *423 So.2d 182, 183 (Ala.Cr.App.1989). “[T]he legislature intended that only criminal activity would provide grounds for an adjudication of delinquency.” C.J., 552 So.2d at 184. In A.L.C. v. State, 563 So.2d 59, 60 (Ala.Cr.App.1990), this Court held that a juvenile’s probation violations and his activities at school did not provide evidence of criminal activity that could serve as the basis for an adjudication of delinquency.
“The trial court, in reaching its decision, relied on evidence of probation violations and activities at school, such as cursing in class, ‘shooting bird,’ and breaking a window. While breaking a window might constitute criminal activity under some circumstances, there was insufficient proof here, as the evidence of window breaking was contained in a case worker’s report, which gave few details and was hearsay.”
A.L.C., 563 So.2d at 60. However, in this case, it is undisputed that the appellant stole a motor vehicle in the State of Georgia. Here, the certified adjudication of delinquency for theft of a motor vehicle in Georgia is sufficient evidence of the appellant’s criminal activity.
By definition, a “delinquent act” is “[a]n act ... designated a violation, misdemean- or or felony offense under the law of this' state or of another state if the act occurred in another state_” § 12-15-1(8) (Supp. 1991). See also Ala.Code 1975, § 44-2-1, Interstate Compact on Juveniles. The theft of a motor vehicle is a felony under Alabama law. Section 13A-8-3(b) and (c). A “delinquent child” is “[a] child who has committed a delinquent act and is in need of care or rehabilitation.” § 12-15-1(9). The juvenile court properly denied the appellant’s prayer that he should be treated as a “child in need of supervision.”[2] “If a child is found to have violated the terms of his probation or aftercare pursuant to a revocation hearing, the court may extend the period of probation or aftercare or make any other order of disposition specified for a child adjudicated delinquent or in need of supervision.” Section 12-15-75(d).
Based on the above, this Court holds that the appellant was properly adjudicated a delinquent based on his violation of aftercare, where that violation constituted a criminal offense.
II.
The appellant argues that a criminal act committed in another state is not a sufficient basis for a finding of delinquency after an adjudication of delinquency has been made in that case in the other state. The appellant argues:
“Once the adjudication of delinquency on the criminal act had been made in Georgia, there was no criminal charge pending against Appellant at the time of the hearing in Lee County. There was only the matter of disposition on the finding in Georgia. Alabama had no jurisdiction regarding the criminal act committed in Georgia except for determining the punishment to be imposed on the Georgia finding.” Appellant’s brief at 6.
Because of the statutory definition of delinquent act as set forth in Ala.Code 1975, § 12-15-1(8), which we have set out in Part I of this opinion, this Court holds that a criminal act committed by a juvenile in another state provides a sufficient basis for a finding of delinquency by a juvenile court in Alabama even where the juvenile has been adjudicated a delinquent by a court in the foreign state.
The judgment of the Juvenile Court is affirmed.
AFFIRMED.
All Judges concur.

. "AFTERCARE. Such conditions and supervision as the [juvenile] court orders after release of legal custody.” Ala.Code 1975, § 12-15-1(2).

. Ala.Code 1975, § 12-15-1(4), provides that "a child in need of supervision” is:
"A child who:
"a. Being subject to compulsory school attendance, is habitually truant from school; or
"b. disobeys the reasonable and lawful demands of his parents, guardian or other custodian and is beyond their control; or
“c. Has committed an offense established by law but not classified as criminal or one applicable only to children; and
“d. In any of the foregoing, is in need of care or rehabilitation.”